DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **RUSSELL E. ROBINSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 2019-0090 |
| | ) | |
| **DANIEL KEVIN ELWELL, FAA ADMINISTRATOR,** | ) ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**Appearances:**
**Russell E. Robinson,** *Pro Se*
St. Thomas, U.S.V.I.

**Kimberly L. Cole, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant Daniel Kevin Elwell, FAA Administrator*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff Russell E. Robinson's ("Plaintiff") "Motion Requesting Default Pursuant to Federal Rule of Civil Procedure, Rule 55 Et. Seq." ("Motion for Default") (Dkt. No. 6), wherein Plaintiff requests "that a default judgment be entered, . . . as to date [Plaintiff] has yet to receive or be notified of any reply from the Defendant." *Id.* at 1.[1] For the reasons that follow, the Court will deny Plaintiff's Motion for Default.

On October 7, 2019, Plaintiff filed his *pro se* Complaint against Defendant Daniel Kevin Elwell, Federal Aviation Administration ("FAA") Administrator ("Defendant"), seeking

---

[1] It is unclear whether Plaintiff is seeking an entry of default or a default judgment. The original title of Plaintiff's Motion for Default was "Motion Requesting Default Judgment Pursuant to Federal Rule of Civil Procedure, Rule 55 Et. Seq." (Dkt. No. 6 at 1). However, handwritten edits removed the word "Judgment" from the title, notwithstanding that the body of Plaintiff's Motion refers to an entry of default judgment. In any event, the Court finds that Plaintiff is not entitled to either an entry of default or to a default judgment.

injunctive relief and damages in connection with the FAA's revocation of Plaintiff's airman certificates. (Dkt. No. 1).

To be entitled to default judgment, the moving party must present evidence, by affidavits and/or documents, of the following:

> (1) that default was entered; (2) that the defendant has not appeared; (3) that the defendant is not an infant or incompetent [person]; (4) that all pleadings were validly served upon the defendant; (5) the amount of judgment and how it was calculated; and (6) an affidavit of non-military service.

*Prestige Prop. Mgmt., LLC v. DEL Enters., LLC*, Civil No. 2019-3, 2020 WL 714111, at *2 (D.V.I. Feb. 12, 2020). Once this evidence is presented, it is within the discretion of the Court to determine whether a default judgment should be entered. *See Pieczenik v. Comm'r New Jersey Dept. of Env't Protection*, 715 F. App'x 205, 209 (3d Cir. 2017); *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014).

Because Plaintiff has not shown that default was entered against Defendant, the Court cannot grant Plaintiff's request for a default judgment. *See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." (internal citation and quotation marks omitted)); *Limehouse v. Delaware*, 144 F. App'x 921, 923 (3d Cir. 2005) ("[T]he District Court properly denied the motion because Limehouse failed to obtain entry of default prior to seeking a default judgment."). Additionally, since the filing of Plaintiff's Motion for Default, Defendant has filed a Motion to Dismiss arguing that the Court lacks subject matter jurisdiction and that Plaintiff failed to properly serve Defendant. (Dkt. Nos. 7, 8). Thus, even if Plaintiff had sought and been granted an entry of default prior to requesting a default judgment, this Court would have denied Plaintiff's request for default judgment because Defendant has now appeared in this action.

The Court also finds that an entry of default is not warranted. *See Enigwe v. Gainey*, Civil Action No. 10-684, 2012 U.S. Dist. LEXIS 7961, at *6 (E.D. Pa. Jan. 23, 2012) (construing motion as a request to enter default after denying request for default judgment). Plaintiff has not demonstrated that Defendant was properly served as required for an entry of default. *See id.* at *6-7 n.2 ("Before a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2682, at 14 (3d ed. 1998)) (internal quotation marks omitted)); *Church-El v. Bank of New York*, Civil No. 11-877 NLH/KMW, 2013 WL 1190013, at *4 (D. Del. March 21, 2013) ("The Third Circuit and multiple district courts within the Circuit have recognized that an entry of default or a default judgment can be set aside if it was not properly entered at the outset, including circumstances where proper service of the complaint is lacking.").

To bring a lawsuit against a federal officer or employee in his official capacity or in his individual capacity for an act or omission occurring in connection with duties performed on behalf of the United States, the United States must be served with process. Fed. R. Civ. P. 4(i)(2)-(3). As is relevant here, "[i]n order to serve the United States, a party must do two things. First, [the party] must deliver a copy of the summons and complaint to the U.S. Attorney for the district where the action is brought. . . . Second, the party must send a copy of the summons and complaint to the Attorney General in Washington, D.C." *Gish v. Att'y Gen. U.S.*, 604 F. App'x 119, 120 (3d Cir. 2015) (citing Fed. R. Civ. P. 4(i)(1)). Additionally, a plaintiff must "send a copy of the summons and of the complaint by registered or certified mail" to the officer or employee sued in an official capacity or "serve the officer or employee under Rule 4(e), (f), or (g)" if the officer or employee is sued in his individual capacity. Fed. R. Civ. P. 4(i)(2)-(3).

In this case, Plaintiff has submitted Proof of Service and an Affidavit of Service stating that the United States Attorney for the District of the Virgin Islands was served. (Dkt. No. 6-10). However, Plaintiff has submitted no evidence that the other requirements of Rule 4 were met. Thus, the Court denies Plaintiff's request for an entry of default. *See Culver v. Pennsylvania*, 415 F. App'x 367, 369 (3d Cir. 2011) (finding no error in a denial of entry of default where the magistrate judge found that there were "'substantial doubts' regarding whether [the plaintiff] had properly effected 'service' of the summons on the Commonwealth in compliance with Federal Rule of Civil Procedure 4.").

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Plaintiff's Motion for Default (Dkt. No. 6) is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall provide a copy of this Memorandum Opinion and Order to Plaintiff by certified mail, return receipt requested.

**SO ORDERED**.

Date:   December 20, 2021            _____/s/_____
                                     WILMA A. LEWIS
                                     District Judge