IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| RUSSELL E. ROBINSON, )<br>)<br>    Plaintiff, )<br>)<br>  vs. )<br>)<br>DANIEL KEVIN ELWELL, ACTING )<br>ADMINISTRATOR, FEDERAL AVIATION )<br>ADMINISTRATION, )<br>)<br>    Defendant. ) | Civil No. 2019-90 |

### REPORT AND RECOMMENDATION

Before the Court is defendant Federal Aviation Administration's ("FAA") motion to dismiss plaintiff Russell Robinson's complaint for lack of subject matter jurisdiction and failure to properly effectuate service. [ECF 7]. Plaintiff filed a response, [ECF 9], and the motion is ripe for decision.

### I.    BACKGROUND

On August 3, 2005, a jury in the District Court of the Virgin Islands convicted plaintiff of conspiracy to possess with intent to distribute cocaine, conspiracy to import cocaine, and money laundering conspiracy. *See Robinson v. United States*, No. CIV.A. 08-103, 2009 WL 4110319, at *1 (D. V.I. Nov. 25, 2009) and *United States v. Fleming*, 287 F. App'x 150 (3d Cir. 2008) (affirming conviction on appeal). On March 3, 2008, the FAA revoked plaintiff's commercial pilot, mechanic, and ground instructor certificates (collectively, the "certificates"). [ECF 1-2] at 4. The FAA's revocation order explains that pursuant to 49 U.S.C. § 44710, the circumstances of plaintiff's conviction "mandate the revocation of any and all airman certificates and ground instructor certificates" held by plaintiff. *Id.* at 5.

*Robinson v. Elwell*
Civil No. 2019-90
Page 2

On March 7, 2008, plaintiff appealed the FAA's order to the National Transportation Safety Board ("NTSB" or "Board") Office of Administrative Law Judges. [ECF 6-6] at 1. On September 11, 2008, the administrative law judge issued an order granting the FAA's motion for summary judgment and affirming the revocation of plaintiff's certificates. *Id.* at 1, 6. Plaintiff appealed the judge's affirmance but then withdrew his appeal, and on October 31, 2008, the NTSB ordered plaintiff's appeal dismissed. [ECF 6-8] at 1. Four years later, on November 14, 2012, plaintiff petitioned for reconsideration of the September 2008 order, and on May 2, 2013, the Board denied plaintiff's petition as untimely. *See Robinson v. Huerta*, 123 F. Supp. 3d 30, 34 (D. D.C. 2015) (explaining procedural history).

On March 20, 2014, plaintiff filed a complaint in the U.S. District Court for the District of Columbia, alleging that the FAA's revocation order mischaracterized the facts at trial "and that the lifetime revocation of his certificates violated his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution." *Robinson*, 123 F. Supp. 3d at 35. That court granted the FAA's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted. *Id.* at 49.

On November 16, 2015, Plaintiff filed a petition for review of the 2008 revocation order in the U.S. Court of Appeals for the Eleventh Circuit. *Robinson v. FAA*, No. 15-15163-EE, 2016 U.S. App. LEXIS 24019 (11th Cir. Aug. 30, 2016). The court determined that it had exclusive jurisdiction over the petition under 49 U.S.C. § 46110(a).[1] *Id.* at *2. However, the court found that plaintiff's petition was untimely and further that plaintiff failed to establish "reasonable

---

[1] The court noted that during plaintiff's 2014 action in the District of Columbia, both the district court and the FAA informed plaintiff that the Eleventh Circuit had exclusive jurisdiction over plaintiff's petition for review of the revocation order. *Robinson*, 2016 U.S. App. LEXIS 24019, at *2.

grounds" to excuse his untimely filing. *Id.* at *1–2. The court therefore granted the FAA's motion to dismiss the petition for review as untimely. *Id.* at *2.

On September 5, 2017, Plaintiff filed a complaint in the U.S. District Court for the Southern District of Florida, again alleging constitutional violations stemming from the 2008 revocation order. *Robinson v. Huerta*, No. 17-61253-CIV-WPD, 2017 U.S. Dist. LEXIS 208454 (S.D. Fla. Dec. 18, 2017). The court granted the FAA's motion to dismiss for lack of subject matter jurisdiction, finding that "[j]urisdiction over this matter lies exclusively in the U.S. Courts of Appeals, but in this instance, the 60-day window for obtaining judicial review of the Plaintiff's license revocation has long-since expired." *Id.* at *2.

On October 7, 2019, plaintiff filed his *pro se* complaint in this Court, asserting federal question jurisdiction based on 49 U.S.C. § 44710. [ECF 1]. The complaint alleges that FAA officers knowingly used false and fraudulent statements in the administrative revocation process and that by so doing, the FAA manufactured a statutory jurisdictional basis to revoke plaintiff's certificates. *Id.* at 3. Plaintiff contends that the FAA's actions circumvented due process, denying him an opportunity to be heard, and caused Plaintiff to lose his right to earn a living in aviation. *Id.*

On February 24, 2020, defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that 49 U.S.C. § 46110(a) vests the United States Courts of Appeal with exclusive jurisdiction over FAA administrative revocation orders. [ECF 7]. In addition, the FAA maintains the complaint is untimely because § 46110(a) requires that a petition for review be filed within 60 days after the order is issued. [ECF 8] at 4–5. Defendant argues that dismissal is further warranted under Federal Rule of Civil Procedure 12(b)(5) because plaintiff failed to properly effectuate service on the United States. *Id.* at 5–6. Plaintiff opposed the motion contending that

sufficient service of process was timely made on an agent of defendant. [ECF 9] at 1. Plaintiff further argues that this Court has subject matter and personal jurisdiction over the FAA and its actors as to plaintiff's allegations of criminal fraud, and that fraud is never time-barred. *Id.* at 2–3.

On July 14, 2022, the District Court referred defendant's motion to the undersigned for a Report and Recommendation. [ECF 13].

## II.    LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction . . . [and] it is to be presumed that a cause lies outside this limited jurisdiction . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). "Congress, acting within its constitutional powers, may freely choose the court in which judicial review may occur . . . [and when] there exists a special statutory review procedure, it is ordinarily supposed that Congress intended that procedure to be the exclusive means of obtaining judicial review in those cases to which it applies." *City of Rochester v. Bond*, 603 F.2d 927, 931 (D.C. Cir. 1979). Therefore, pursuant to Federal Rule of Civil Procedure 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).

Rule 12(b)(1) movants may either assert a facial attack against the complaint or "question the existence of subject matter jurisdiction in fact, apart from the pleadings." *Doe v. Goldstein's Deli*, 82 F. App'x 773, 775 (3d Cir. 2003) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "While the facial attack offers the plaintiff the safeguard of requiring the court to consider the allegations of the complaint as true, the factual attack allows the court to 'weigh the evidence and satisfy itself as to the existence of its power to hear the case.'"

*Id.* (quoting *Mortensen*, 549 F.2d at 891). Thus, in assessing whether it has jurisdiction in the latter case, "[t]he court may consider . . . evidence outside of the pleadings." *Id.* (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)). "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891. Finally, "[t]he plaintiff always bears the burden of convincing the court, by a preponderance of the evidence, that the court has jurisdiction." *Doe*, 82 F. App'x at 775 (citing *Gould*, 220 F.3d at 178 ("The plaintiff has the burden of persuasion to convince the court it has jurisdiction.")).

### III.   DISCUSSION

Defendant properly moves to dismiss the complaint because this Court lacks subject matter jurisdiction over plaintiff's challenge to the FAA's revocation order. Plaintiff alleges federal question jurisdiction based on 49 U.S.C. § 44710. However, that statute states that the Administrator of the FAA "shall issue an order revoking an airman certificate" when an individual commits controlled substance violations involving the use of an aircraft. 49 U.S.C. § 44710(b). The statute further provides that "[a]n individual whose certificate is revoked by the Administrator under subsection (b) of this section may appeal the revocation order to the [NTSB]." *Id.* § 44710(d)(1). Finally, "[a]n individual substantially affected by an order of the [NTSB] . . . may obtain judicial review of the order under section 46110 of this title." *Id.* § 44710(d)(3). Section 46110, in turn, provides that:

> [A] person disclosing a substantial interest in an order issued by the Secretary of Transportation . . . or the Administrator of the Federal Aviation Administration . . . may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the

> United States for the circuit in which the person resides or has its principal place of business. The petition must be filed not later than 60 days after the order is issued. The court may allow the petition to be filed after the 60th day only if there are reasonable grounds for not filing by the 60th day.

49 U.S.C. § 46110(a). Upon transmittal to the FAA of a copy of the petition for review filed in the court of appeals, "the court has exclusive jurisdiction to affirm, amend, modify, or set aside any part of the order." *Id.* § 46110(c).

Here, by the express terms of the applicable statutes, this Court has no jurisdiction to hear plaintiff's challenges to the FAA's revocation order, or to the NTSB's decision upholding that order. *See Fleming v. U.S. Dep't of Transp.*, 348 F. App'x 736, 737 (3d Cir. 2009) ("the Aviation Act provides that the courts of appeals have exclusive jurisdiction to affirm, amend, modify, or set aside orders of the FAA" (internal quotations omitted)); *Mattwaoshshe v. United States*, 557 F. Supp. 3d 28, 36 (D. D.C. 2021) (the direct-review provision of the Federal Aviation Act "removes [a covered FAA order] from the purview of the district court and places it within [the appellate court's] exclusive jurisdiction." (alterations in original) (citation omitted)). While plaintiff did seek review of his revocation order before the NTSB, he nevertheless failed to complete the judicial review process by timely filing a petition for review in the appropriate court of appeals.[2] "Moreover, that an individual aggrieved by agency action avails himself of the specified administrative review procedures does not alter the exclusivity of those procedures." *Merritt v. Shuttle, Inc.*, 187 F.3d 263, 271 (2d Cir. 1999). Plaintiff has continued to pursue legal action seeking reinstatement of his certificates, including two cases currently pending in this Court. But

---

[2] See *infra* pages 2–3, describing procedural history of plaintiff's appeal to the NTSB and petition for review in the U.S. Court of Appeals for the Eleventh Circuit.

plaintiff's efforts to file multiple actions cannot and do not change the law vesting exclusive jurisdiction in the courts of appeal.

That plaintiff alleges due process violations in the administrative process based on the FAA's alleged reliance on false and fraudulent statements to revoke plaintiff's certificates is of no moment. "As numerous courts have held, when the resolution of a plaintiff's claims in federal court requires an examination of the underlying FAA proceedings, the district courts lack subject matter jurisdiction over any such claims." *Fleming*, 348 F. App'x at 737; *see Robinson*, 123 F. Supp. 3d at 39 (holding that where gravamen of plaintiff's complaint centered on the manner in which § 44710 was applied to his individual case, plaintiff's claims were inescapably intertwined with the procedures and merits of the FAA order revoking his certificates, and court of appeals had exclusive jurisdiction); *see also City of Rochester*, 603 F.2d at 934 ("it is obvious that appellants' argument proves far too much, for it suggests that direct review in the courts of appeals would never be available when the action of the Administrator were drawn into question, an exaggeration sufficient alone to defeat the construction").[3]

---

[3] In *Merritt*, 187 F.3d at 270–72, the court held that the provision of § 46110(c) granting appellate courts exclusive jurisdiction "to affirm, amend, modify, or set aside" orders of the NTSB and the FAA deprived the district court of subject matter jurisdiction over the plaintiff's *Bivens* claim alleging that FAA officials participated in a tainted investigation, violating the plaintiff's due process rights. The court reasoned that the substance of the plaintiff's claim was "inescapably intertwined" with review of the FAA's license suspension order—although the plaintiff styled his claim in constitutional terms, he was ultimately challenging the manner in which the FAA officials conducted themselves, and he disputed the administrative law judge's factual conclusions. *Id.* at 271. The court explained that "advancing such a claim in district court would result in new adjudication over the evidence and testimony adduced in the [prior revocation] hearing, the credibility determinations made by the ALJ, and, ultimately, the findings made by the ALJ during the course of the proceedings under section 46110[,]" and that "[t]he exclusive statutory scheme forbids such a result." *Id.* (first alteration in original) (internal quotations and citation omitted). The court thus found the plaintiff's claim was of the type properly preempted by § 46110— "one in which it is the *conduct* of FAA officials in adjudicating a specific individual claim that [is] under attack." *Id.* at 272 (alterations in original) (internal quotations and citation omitted). In reaching this conclusion, the *Merritt* court relied on *Tur v. Federal Aviation Administration*, 104 F.3d 290 (9th Cir. 1997) (affirming the district court's dismissal for lack of subject matter jurisdiction, where plaintiff alleged FAA officials knowingly used false testimony in revocation proceedings, depriving plaintiff of property interest in airman's certificate without due process) and *Green v. Brantley*, 981 F.2d 514 (11th Cir. 1993) (finding *Bivens* action in district court claiming FAA officials deprived plaintiff of his constitutionally protected liberty and property interests was an improper attempt to circumvent the Federal Aviation Act's exclusive judicial

As the court observed in *City of Rochester*, "'simple words of plain meaning . . . leave no room to doubt the congressional purpose and intent' to give the courts of appeals exclusive jurisdiction." 603 F.2d at 935 (quoting *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958)). Accordingly, based on the foregoing analysis, the undersigned finds that this Court lacks jurisdiction over plaintiff's complaint and that dismissal under Federal Rule of Civil Procedure 12(b)(1) is warranted.[4]

## IV.   CONCLUSION

Accordingly, the premises considered,

It is **RECOMMENDED** that the defendant's motion to dismiss plaintiff's complaint with prejudice be **GRANTED**.[5]

Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. § 636(b)(1); LRCi 72.3.

Dated: September 22, 2022                S_____
                                          **RUTH MILLER**
                                          United States Magistrate Judge

---

review provisions). 187 F.3d at 270–72.

[4] Because the undersigned recommends that this action be dismissed for lack of subject matter jurisdiction, the Court need not address defendant's additional arguments that plaintiff's complaint is untimely, and that plaintiff failed to properly effect service on the United States.

[5] In plaintiff's action before the U.S. District Court for the District of Columbia, the court noted that "[w]hen a federal district court concludes that it lacks subject matter jurisdiction, the court only has the authority to make a single decision: to dismiss the case, or in the interest of justice, to transfer it to another court pursuant to 28 U.S.C. § 1631." *Robinson*, 123 F. Supp. 3d at 39 n.5 (internal quotations and citation omitted). The court reasoned that because plaintiff alleged no reasonable grounds for failing to seek review during the 60-day window, plaintiff had not shown that transfer was appropriate under § 1631. *Id.* The court therefore declined to transfer plaintiff's claims to the court of appeals. *Id.* The undersigned recommends that this Court follow suit.