**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **RUSSELL EDOUARD ROBINSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 2019-0090 |
| ) | |
| **DANIEL KEVIN ELWELL, FAA** ) | |
| **ADMINISTRATOR,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**Appearances:**
**Russell Edouard Robinson,** *Pro Se*
St. Thomas, U.S.V.I.

**Kimberly L. Cole, Esq.,**
St. Thomas, U.S.V.I.
  *For Defendant Daniel Kevin Elwell, FAA Administrator*

**MEMORANDUM OPINION**

**Lewis, District Judge**

THIS MATTER comes before the Court on Magistrate Judge Ruth Miller's Report and Recommendation ("R&R") recommending that Defendant Daniel Kevin Elwell, Federal Aviation Administration ("FAA") Administrator's ("Defendant") "Motion to Dismiss" (Dkt. No. 7) be granted. (Dkt. No. 19). For the reasons that follow, the Court will accept the Magistrate Judge's R&R and grant Defendant's Motion to Dismiss for lack of subject matter jurisdiction.

**I.   BACKGROUND**

On October 7, 2019, Plaintiff Russell Edouard Robinson ("Plaintiff") filed his *pro se* Complaint against Defendant seeking injunctive relief and damages in connection with the FAA's

revocation—pursuant to 49 U.S.C. § 44710[1]—of Plaintiff's airman certificates in 2008. (Dkt. No. 1). In his Complaint, Plaintiff alleged that the FAA used "fraudulent and known fa[l]se statements" to revoke his airman certificates, which denied him due process of law and an opportunity to be heard. *Id.* at 3. As such, Plaintiff alleged that the FAA's revocation caused him to "lose [his] right to earn a sustainable living." *Id.*[2]

Defendant moved to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1), arguing that the United States Courts of Appeals have exclusive jurisdiction over FAA administrative revocation orders pursuant to 49 U.S.C. § 46110(a), thereby depriving this Court of subject matter jurisdiction. (Dkt. No. 7). Defendant also argues that the Complaint should be dismissed due to untimeliness and insufficient service of process pursuant to Fed. R. Civ. P. 4(i)(2). *Id.*

The Court referred Defendant's Motion to Dismiss to Magistrate Judge Ruth Miller for an R&R. (Dkt. No. 13). The Magistrate Judge recommended that the Motion to Dismiss be granted for lack of subject matter jurisdiction. (Dkt. No. 19).[3] Robinson then timely filed an Objection to the R&R. (Dkt. No. 20). In his Objection, Plaintiff argues that the R&R contains inaccurate

---

[1] Title 49 U.S.C. § 44710 provides, in relevant part, that "[t]he Administrator of the Federal Aviation Administration shall issue an order revoking an airman certificate issued [to] an individual … after the individual is convicted, under a law of the United States or a State related to a controlled substance." Following Plaintiff's convictions for conspiracy to possess with intent to distribute cocaine, conspiracy to import cocaine, and conspiracy to money launder, the FAA issued an order revoking his airman certificates. (Dkt. No. 18-1).

[2] In an Affidavit attached to the Complaint, Plaintiff requests that the Court hold an evidentiary hearing; allow him to appear *pro se* at such hearing; issue a temporary restraining order directing the FAA to issue Plaintiff "valid copies of his updated airman certificates"; and issue a permanent injunction against the FAA, the acting Administrator, and future successors of the Administrator from "refusing to honor its own files." (Dkt. No. 1-1 at 1, 4-5).

[3] Because the Magistrate Judge found that the Court lacks subject matter jurisdiction over the matter, the Magistrate Judge did not address the Defendant's arguments regarding timeliness or insufficient service of process. (Dkt. No. 19 at 8, n. 4).

information regarding Plaintiff's appeal to the National Transportation Safety Board ("NTSB")[4]; the FAA continues to disseminate false information and has refused to correct records regarding revocation of Plaintiff's airman certificates; the R&R fails to take into account that the FAA has knowingly included false statements in its revocation order to invoke 49 U.S.C. § 46110 and deprive the district court of jurisdiction; and the R&R is "legally incorrect" in that it fails to recognize that the FAA's revocation proceedings were "void and unenforceable *ab initio*" such that the 60-day statutory period prescribed by 49 U.S.C. § 46110 does not apply to bar his Complaint. *Id.* at 1–3. Plaintiff requests that the Court reject the Magistrate Judge's recommendation to grant Defendant's Motion to Dismiss; order the FAA to correct its records; reinstate his FAA airman certificates; and require the FAA to employ proper proceedings in the event that the FAA seeks revocation of his airman certificates. *Id*. at 3.[5]

## II. DISCUSSION

When a party makes a timely objection to a report and recommendation, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Because Plaintiff's Objection was timely filed, the Court will engage in a *de novo* review of the R&R.

---

[4] Following Plaintiff's appeal of the revocation order, the NTSB denied the appeal on September 11, 2008. (Dkt. No. 19 at 2). Thereafter, on October 31, 2008, the NTSB denied Plaintiff's appeal of its decision, finding that Plaintiff had withdrawn the appeal. *Id*. Four years later, Plaintiff petitioned the NTSB for reconsideration of the September 2008 order. *Id.* In response, the NTSB denied Plaintiff's petition as untimely on May 2, 2013. *Id.*

[5] In response to two Notices of Corrected Docket Entry by the Clerk's Office, Plaintiff filed three documents entitled "Supplemental Memorandum of Law to Objections to the Magistrate's Report and Recommendation, ECF#20." (Dkt. Nos. 22, 23, 24). The documents appear to be virtually identical, whereby Plaintiff argues that the FAA issued its revocation order without holding a hearing as requested by Plaintiff; the revocation order contains incorrect information; and the FAA's revocation order is legally speculative. *Id.* Plaintiff requests, *inter alia*, that the Court overrule the Magistrate Judge's R&R and deny Defendant's Motion to Dismiss. *Id*.

A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) which is filed prior to answering the complaint is considered a "facial challenge" to the court's subject matter jurisdiction. *Cardio–Med. Assocs. v. Crozer–Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir.1983). This is distinct from a factual attack to the court's subject matter jurisdiction which can occur only after the answer has been served. *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977). In deciding a Rule 12(b)(1) motion to dismiss which is filed prior to an answer, the court must "review only whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." *Licata v. U.S. Postal Serv.*, 33 F.3d 259, 260 (3d Cir.1994).

With respect to an FAA revocation order issued pursuant to 49 U.S.C. § 44710—the statute providing for revocation of an individual's airman certificates due to a drug offense conviction "[a]n individual substantially affected by an order … under this subsection ... may obtain judicial review of the order under section 46110 of this title." 49 U.S.C. § 44710(d)(3). Section 46110, in turn, provides that:

> [A] person disclosing a substantial interest in an order issued by the Secretary of Transportation (or … the Administrator of the Federal Aviation Administration with respect to aviation duties and powers designated to be carried out by the Administrator of the Federal Aviation Administration) … may apply for review of the order by filing a petition for review in the *United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business*. The petition must be filed not later than 60 days after the order is issued. The court may allow the petition to be filed after the 60th day only if there are reasonable grounds for not filing by the 60th day.

49 U.S.C. § 46110(a) (emphasis added). Circuit and district courts alike have interpreted 49 U.S.C. § 46110 as granting the United States Courts of Appeals exclusive jurisdiction to review FAA revocation orders—including that of Plaintiff's—issued pursuant to 49 U.S.C. § 44710(a). *See, e.g., Robinson v. FAA,* No. 15-15163, 2016 U.S. App. LEXIS 24019, at *2 (11th Cir. Aug. 30,

4

2016) (noting that the circuit court had exclusive jurisdiction pursuant to 49 U.S.C. § 46110(a) over review of the FAA's revocation order issued under 49 U.S.C. § 44710(a)); *Kratt v. Garvey*, 342 F.3d 475, 477 (6th Cir. 2003) (noting that the circuit court had jurisdiction to review an order of the FAA administrator issued under 49 U.S.C. § 44710); *Robinson v. Huerta*, No. 17-61253, 2017 U.S. Dist. LEXIS 208454, at *2 (S.D. Fla. Dec. 18, 2017) (dismissing plaintiff's claim with prejudice noting that jurisdiction over plaintiff's petition to review the FAA's revocation order lay exclusively in the United States Courts of Appeals pursuant to 49 U.S.C. § 46110(a)); *Robinson v. Huerta*, 123 F. Supp. 3d 30, 38–39 (D.D.C. 2015) (finding that plaintiff's claims fell within the scope of 49 U.S.C. § 46110(a) and could not be addressed by the district court because his claims focused on the alleged errors of fact and law contained in the FAA's and NTSB's orders regarding the revocation of his airman certificates)[6]. The Third Circuit has similarly concluded in interpreting 49 U.S.C. § 46110—albeit outside of the drug conviction/airman certificate revocation context— that the United States Courts of Appeals have exclusive jurisdiction over challenges to an FAA order. *See Fleming v. U.S. Dep't of Transp.*, 348 F. App'x 736, 737 (3d Cir. 2009) (affirming the district court's judgment granting dismissal for lack of subject matter jurisdiction over plaintiff's challenge to the FAA's refusal to provide him with a medical certification because the resolution of plaintiff's claims required an examination of the underlying FAA proceedings under 49 U.S.C.

---

[6] In *Robinson*, the United States District Court for the District of Columbia considered Plaintiff's argument that the district court had subject matter jurisdiction in interpreting both the application of 49 U.S.C. § 44710 to his revocation order and facial challenges to the statute's constitutionality. 123 F. Supp. 3d at 37. In considering the gravamen of Plaintiff's complaint in that matter, the district court found that plaintiff's claims—which focused on challenges to the merits and procedures of the FAA order revoking his airman certificates—were "inescapably intertwined" with review of the order, rather than the constitutionality of 49 U.S.C. § 44710. *Id.* at 37–38. The district court found that Plaintiff's "as-applied" claims to his individual case simply constituted collateral attacks on the order that could only be reviewed by the courts of appeals pursuant to 49 U.S.C. § 46110(a). *Id.* at 39.

§ 46110(a)).

For the foregoing reasons, this Court—as a district court—lacks subject matter jurisdiction over Plaintiff's challenge to the FAA's order revoking his airman certificates.[7] The Court will therefore adopt the Magistrate Judge's R&R and grant the Defendant's Motion to Dismiss.[8]

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Objection (Dkt. No. 20) is overruled. The Court will adopt the Magistrate Judge's R&R (Dkt. No. 19) and will grant Defendant's "Motion to Dismiss" (Dkt. No. 7) for lack of subject matter jurisdiction.[9]

An appropriate Order accompanies this Memorandum Opinion.

Date: March 17, 2023 _____/s/_____
WILMA A. LEWIS
District Judge

---

[7] Because the Court does not have jurisdiction over this matter, the Court need not address Defendant's timeliness and insufficient service of process arguments.

[8] In the R&R, the Magistrate Judge recommends that, in addition to dismissing the instant Complaint for lack of subject matter jurisdiction, the Court should also decline to transfer Plaintiff's claims to a court of appeals pursuant to 28 U.S.C. § 1631. (Dkt. No. 19 at 8); *See* 28 U.S.C. § 1631 (providing for a transfer in the interest of justice if the matter could have been brought in a court with jurisdiction at the time the matter was filed in a court without jurisdiction). The Court concludes that transfer to an appellate court is inappropriate here because Plaintiff's claim was filed in this Court over a decade after September 11, 2008—the date on which the NTSB dismissed Plaintiff's appeal. Further, Plaintiff has not provided "reasonable grounds" for why he filed his Complaint outside of the 60-day time period. *See* 49 U.S.C. § 46110(a) ("The court may allow the petition to be filed after the 60th day only if there are reasonable grounds for not filing by the 60th day.").

[9] Two motions filed by Plaintiff are pending in this matter. In his "Motion Requesting Consolidation," Plaintiff requests that the Court consolidate the instant matter with another matter pending before the Court, arguing that both cases seek the same relief. (Dkt. No. 16). In the "Judicial Notice Motion," Plaintiff requests that the Magistrate Judge take notice of his assertions regarding the FAA's revocation order and prior court proceedings. (Dkt. No. 18). In light of the Court's decision that it lacks subject matter jurisdiction over this matter, the Court will deny Plaintiff's pending motions as moot.